**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN ROWE,<br><br>    Plaintiff,<br><br>        v.<br><br>DUBBER, INC.,<br><br>    Defendant. | Civil Action No.<br>1:20-cv-04507-SDG |

### OPINION AND ORDER

This matter is before the Court on a motion to remand filed by Plaintiff John Rowe [ECF 17]. For the following reasons, Rowe's motion is **GRANTED**.

**I.    BACKGROUND**

On November 12, 2017, Rowe began working for Defendant Dubber, Inc. as a National Account Manager.[1] According to Rowe, during the recruitment process, Dubber made various representations to him regarding his future role, compensation, and entitlement to stock options.[2] Rowe ultimately signed an offer letter that articulated some of these incentives.[3] Rowe alleges that, despite his satisfactory work performance, Dubber failed to provide him with the promised

---

[1]    ECF 1-1, at 49–50.

[2]    *Id*. at 54.

[3]    *Id.* at 56.

compensation, namely certain sales commissions and stock options.[4] Rowe also alleges he was the victim of salacious conduct perpetrated by two of Dubber's executives.[5] Rowe ultimately resigned from Dubber in January 2019.[6]

On March 13, 2020, Rowe initiated this action against Dubber in the Superior Court of Fulton County, Georgia.[7] Rowe filed an Amended Complaint on April 23.[8] Rowe asserts four claims against Dubber for: breach of contract (Count I); fraud (Count II); detrimental reliance/promissory estoppel (Count III); and negligent retention (Count IV).[9] Rowe also seeks punitive damages pursuant to his tort claims.[10] On April 27, Dubber filed a partial motion to dismiss.[11] While Dubber's motion was still pending, it removed the case to this Court on November 4.[12] On December 4, 2020, Rowe filed the instant motion to remand.[13]

---

4   *E.g., id.* at 49–58.

5   *E.g., id.* at 52–53, 65–67.

6   *Id.* at 51.

7   *Id.* at 6–24.

8   *Id.* at 48–69.

9   *Id.*

10  *Id.*

11  *Id.* at 70–77.

12  ECF 1.

13  ECF 17.

Dubber filed its opposition on December 17, and Rowe filed his reply on December 31.[14] The Court held an evidentiary hearing on April 1, 2021.

## II.   LEGAL STANDARD

A civil action originally filed in state court can be removed to the federal district court embracing the state court if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). *See also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts possess limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Under 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." *See also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000."). The party removing a case to federal court bears the burden of establishing federal jurisdiction. *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013). The "removal

---

14   ECF 20; ECF 21.

statutes are construed narrowly . . . [and] uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Removal must also be timely. Under 28 U.S.C. § 1446(b), the removing defendant must file its notice within 30 days after receipt of the initial pleading setting forth the claim for relief. If the initial pleading is not facially removable, a removing defendant may file its notice within 30 days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). According to the Eleventh Circuit, documents that constitute an "other paper" include: (1) responses to request for admissions, (2) settlement offers, (3) interrogatory responses, (4) deposition testimony, (5) demand letters, or (6) emails estimating damages. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007).

If a plaintiff has not "pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in

controversy at the time the case was removed." *Williams*, 269 F.3d at 1319. *See also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) ("A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden."). Such evidence may include a removing defendant's "own affidavits, declarations, or other documentation." *McGee*, 719 F.3d at 1241 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)). The Court may also rely on its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. In sum, the "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," but the evidence must be specific enough to "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [applicable] jurisdictional requirement." *Pretka*, 608 F.3d at 752, 754.

### III. DISCUSSION

Dubber removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). The parties do not dispute the complete diversity element; Rowe is a Georgia citizen and Dubber is incorporated in Delaware with

its principal place of business in Massachusetts.[15] Rowe contends that Dubber has not met its burden of showing the amount in controversy exceeds $75,000.

Rowe did not plead a specific dollar amount in the Amended Complaint. Instead, Rowe alleges he is owed "thousands of dollars" based on Dubber's unkept promises.[16] On April 22, 2020, Dubber served Rowe with written discovery requests.[17] On October 5, Rowe served Dubber with responses to those requests.[18] In his responses, Rowe indicated that he is seeking damages (1) in the amount of approximately $8,000 for stolen items, and (2) an unspecified amount for "lost commissions, promised equity, emotional and physical distress and punitive damages."[19] Rowe later provided a specific formula for one aspect of his damages: "The commission promises were a percentage of revenue against the twin components of (i) three times monthly revenue for one year subscriptions, and (ii) $10.00 per playback subscription."[20]

---

[15]   ECF 1-1, at 48; ECF 1-6.

[16]   ECF 1-1, at 57 ¶ 38.

[17]   ECF 1-2.

[18]   ECF 1-3.

[19]   *Id.* at 7.

[20]   *Id.* at 12.

Purportedly using Rowe's formula, Dubber estimates that he is seeking an award exceeding $100,000.[21] Dubber also points to an oral, $80,000 settlement demand. Rowe argues Dubber has not satisfied its burden of establishing that the amount in controversy is satisfied. Specifically, Rowe contends that (1) Dubber's estimation of his damages is speculative and grossly exaggerated, and (2) the Court should not consider his oral settlement demand as evidence.

The Court finds that Dubber has not established by a preponderance of the evidence that the value of Rowe's claims exceeds $75,000. First, Dubber's estimation of Rowe's entitlement to unpaid commissions is unsubstantiated. Although Dubber purports to use Rowe's own formula provided in his discovery responses to form its calculations, it articulates no basis for its ultimate conclusions. For example, Dubber does not provide any of the underlying figures it used to summarily conclude that Rowe's claim exceeds $100,000. The Court is unable to determine if Dubber's estimation is accurate, reasonable, or tethered to reality. The Court held an evidentiary hearing for this very purpose, but Dubber chose to not present any additional evidence. At bottom, Dubber's damages calculation in the notice of removal is not supported by a preponderance of the

---

21    ECF 1-4, ¶¶ 6–10.

evidence. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

Second, the Court does not believe Rowe's oral, $80,000 settlement communication is entitled to significant weight. Written settlement offers are often considered documents that may serve as evidence of the amount in controversy. *Lowery*, 483 F.3d at 1213. But they are not dispositive. *Burns*, 31 F.3d at 1097 ("While [a] settlement offer, by itself, may not be determinative, it counts for something."). Although ultimately discretionary, the level of persuasiveness a written settlement offer carries generally "depends on the content of the letter," as "[p]re-suit demand letters that reflect posturing and puffery are entitled to little weight, while more weight should be given to a settlement demand if it is an honest assessment of damages." *Peterman v. Wal-Mart Stores Inc.*, No. 1:13-cv-91 WLS, 2013 WL 5210188, at *2 (M.D. Ga. Sept. 13, 2013) (citation and punctuation omitted). *See also Walker v. Wal-Mart Stores E., LP*, No. 5:19-cv-47, 2019 WL 3776951, at *2 (S.D. Ga. Aug. 12, 2019); *Ware v. Checkers Drive-In Rests., Inc.*, No. 1:17-cv-2109-AT, 2017 WL 10378127, at *2 (N.D. Ga. June 30, 2017). Many courts do not consider an ***oral*** settlement discussion to be an "other paper" for removal purposes. *See,*

*e.g.*, *Helmly v. Kmart Corp.*, No. CV 616-023, 2016 WL 5419435, at *3 (S.D. Ga. Sept. 27, 2016) ("Oral communications, on the other hand, are not typically considered other paper."); *Williams v. Litton Loan Servicing, LP*, No. 2:10-CV-951-WKW, 2011 WL 521624, at *5 (M.D. Ala. Feb. 15, 2011) ("[Plaintiff's] oral settlement demand and the voicemail fail the 'other paper' requirement of § 1446(b). . . . Nor do these oral communications fit in the limited exceptions that satisfy the 'other paper' requirement as recognized by the Eleventh Circuit and other courts. . . . Excepting oral settlement demands from the 'paper' requirement of § 1446(b) could have the effect of chilling informal settlement negotiations."); *Smith v. Bally's Holiday*, 843 F. Supp. 1451, 1455 (N.D. Ga. 1994) ("[O]ral communication between counsel, not reduced to writing (or not capable of immediate reduction to writing), and not of a nature any more specific than that damages would be sought 'in the six-figure range,' does not satisfy the language of § 1446(b).").

Here, Dubber's characterizations of Rowe's oral settlement demand does not offer any of the specific information needed for it to show the amount in controversy is satisfied. For example, the Court has no information regarding the circumstances, substance, timing, or wording of Rowe's settlement demand so as to accurately gauge its veracity. Put another way, Dubber ostensibly asks the Court to assume its description of the communication constitutes an honest assessment

of the value of Rowe's claims. The Court does not agree and concludes that reliance on an oral settlement discussion in this context is far too speculative for Dubber to satisfy its preponderance of the evidence burden. *See Lowery*, 483 F.3d at 1210–11, 1215 ("We have no evidence before us by which to make any informed assessment of the amount in controversy. . . . [A]ny attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon. . . . [T]he existence of jurisdiction should not be divined by looking to the stars.").

Finally, Dubber is correct that Rowe seeks punitive damages for its tort claims. The Court must consider this when determining if the amount in controversy is satisfied. *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010). Rowe has not requested a specific amount of punitive damages. As discussed above, the Court has sparse information as to the true value of his claims at this juncture. According to Rowe, his contractual damages fall far short of the amount in controversy threshold. And the Court's common sense and experience indicate that his tort claims—which are not premised on any personal injury—are not of the high-dollar variety. At this point, only speculation and guesswork suggest that an award of punitive damages—even if ultimately recoverable—could surmount the potentially large gulf to satisfy the amount in controversy. In such situations,

the Court must remain cognizant that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411. Therefore, the Court finds Dubber cannot rely on Rowe's punitive damages request to satisfy its burden. This action must be remanded.

## IV.   CONCLUSION

Rowe's motion to remand [ECF 17] is **GRANTED**. The Clerk is **DIRECTED** to remand this case to the Superior Court of Fulton County. The Court declines to address Dubber's pending partial motion to dismiss.

**SO ORDERED** this the 2nd day of April 2021.

_____
Steven D. Grimberg
United States District Court Judge